UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME JULIUS BROWN, SR.,

Plaintiff,

v.

MAGISTRATE JUDGE ROBINSON, *et al*.,

Defendants.

CASE NO. C19-1330-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On August 27, 2019, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 5.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. In order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Conclusory allegations of law and unwarranted factual inferences are not sufficient to state a claim. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir.

2007). In addition, dismissal is appropriate if a complaint fails to put forth "a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff's *pro se* complaint suffers from several deficiencies. First, in the "Statement of Claim" portion of Plaintiff's complaint, Plaintiff simply states "Post Master General, Megan J. Brennan 2022682550." (Dkt. No. 2 at 5–6.) Plaintiff's perfunctory statement neither establishes that he is entitled to relief nor sets forth a cognizable legal theory. *See* Fed. R. Civ. P. 8(a)(2); *Balistreri*, 901 F.2d at 699.

Second, Plaintiff's complaint names Magistrate Judges Deborah A. Robinson, Robin M. Meriweather, and G. Michael Harvey, and Clerk of Court Angela D. Caesar of the United States District Court for the District of Columbia as Defendants in this action. (Dkt. No. 2 at 2–3.) Plaintiff seeks $5,858,000.00 in damages. (*Id*. at 5.) Plaintiff asserts that the Court has federal question jurisdiction over this action because his claims arise from "judicial misconduct, judicial conference circuit executive, Clerk (AKA) Angela Caesar subject to removal." (*Id*. at 3) (some alterations removed).

It is well established that judges are absolutely immune from liability for acts "done by them in the exercise of their judicial functions." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). As the Ninth Circuit has stated, a judge remains immune from suit even if the action she took was in error, done maliciously, or in excess of her authority. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). The exception, of course, is that judicial immunity does not extend to acts taken in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Additionally, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (collecting cases); *cf*. *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986) (holding that clerk of the United States Supreme Court was entitled to absolute quasi-judicial immunity under Federal Tort Claims Act because challenged acts were

integral part of the judicial process).

As discussed above, Plaintiff's perfunctory description of his claims are insufficient to enable the Court to assess their merits or Plaintiff's underlying legal theory. However, Plaintiff's claims against the Magistrate Judges Robinson, Meriweather, and Harvey may be barred by absolute judicial immunity. *See Bradley*, 80 U.S. at 347. Similarly, Plaintiff's claims for damages against Clerk of Court Caesar may be barred by absolute quasi-judicial immunity. *See Mullis*, 828 F.2d at 1390. And if Plaintiff is seeking Clerk of Court Caesar's removal, he has not established that he may pursue such a remedy. *See* 28 U.S.C. § 751(a).

Third, it is not clear that venue is proper in this Court.

> A civil action may be brought in . . . (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). None of the Defendants reside in this district, Plaintiff's perfunctory statement of his claim does not demonstrate that a substantial part of the events underlying his claims occurred here, and Plaintiff has not demonstrated that any of the Defendants are subject to the Court's personal jurisdiction. (*See generally* Dkt. No. 2); *see* 28 U.S.C. § 1391(b); *see also Dermendziev v. Washington*, 624 F. App'x 454, 455 (9th Cir. 2015) (affirming district court's dismissal without prejudice of *pro se* plaintiff's 42 U.S.C. § 1983 action for improper venue).

Although the Court finds that the complaint fails to state a claim upon which relief can be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS Plaintiff to file an amended complaint no later than 21 days from the date this order is issued. In his amended complaint, Plaintiff must cure the deficiencies identified in the Court's order. Failure to do so may result in dismissal of the amended complaint. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

1     DATED this 28th day of August 2019.

                                        William M. McCool
                                        Clerk of Court

                                        s/Tomas Hernandez
                                        Deputy Clerk